UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VANESSA KERBER**<br>    Plaintiff,<br><br>v.<br><br>**MANDARICH LAW GROUP, LLP, ABC LEGAL SERVICES, LLC, and STEVE SERAFIN**<br>    Defendant. | <br><br><br>Case No. 24-cv-2534<br><br><br><br>*Trial by Jury Demanded* |

### COMPLAINT *at* LAW

NOW COMES the Plaintiff, VANESSA KERBER hereinafter by and through her attorneys Robert J. Tomei Jr. and the Law Firm of JOHNSTON TOMEI LENCZYCKI & GOLDBERG, LLC, and complaining against Defendant, MANDARICH LAW GROUP, LLP, ABC LEGAL SERVICES, LLC, and STEVE SERAFIN, for various violations of Plaintiff's legal rights, and to recover damages for Defendants' violations thereof, and alleges:

### NATURE *of the* ACTION

1.     The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2.     The Plaintiff has alleged for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq*. ("ICFA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*. ("ICAA")

3.     Plaintiff has been forced to retain counsel to file suit against Defendants in an attempt to remediate and correct Defendants' failure to follow the law.

### JURISDICTION *and* VENUE

Page **1** of **13**

4. This Court has jurisdiction pursuant to § 1692(k)(d) of the FDCPA and 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

5. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transaction substantial business here.

## PARTIES

6. Plaintiff, Vanessa Kerber ("Plaintiff" or "Kerber") is a resident of the State of Illinois, from whom Defendant attempted to collect an alleged delinquent consumer debt that was incurred for primarily personal, family or household purposes, purportedly owed to Capital One, N.A. Plaintiff is thus, a consumer as that term is defend at 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Mandarich Law Group, LLP, ("Mandarich") is an Illinois limited liability company with its principal place of business at 550 W. Washington Boulevard., Suite 701, Chicago, Illinois 60661. Its registered agent is Christopher Mandarich, who can be found at 550 W. Washington Boulevard., Suite 701, Chicago, Illinois 60661. It is currently in good standing with the Illinois Secretary of State.

8. Mandarich is a law firm that is engaged in the business of the collection of debt within the State of Illinois, using the mail system in business, telephone, and various legal venues to collect consumer debts owed to others or originally owed to others.

9. Mandarich regularly collects or attempts to collect defaulted consumer debts, in certain instances, filing civil actions on behalf of its clients in order to collect defaulted consumer debts, and is thusly, a "debt collector" as that term is defined at 15 U.S.C. § 1692a(6) of the FDCPA.

10. Mandarich was hired or retained by Capital One, N.A., to collect consumer debt from the Plaintiff. At all relevant times hereto, Mandarich acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. Defendant, ABC Legal Services, LLC, ("ABC") is a foreign limited liability company, with its principal place of business at 1099 Stewart Street, Suite 700, Seattle Washington, 98101. Its registered agent is ABC Legal Services, which can be found at 227 W Monroe Street, Suite 2117, Chicago, Illinois, 60606-5055.

12. Defendant ABC Legal Services, LLC, is a process service company that also acts as a debt collector as defined by the FDCPA, 15 U.S.C. 1692(a)(6) and a "collection agency" as that term is defined at 225 ILCS 425/2 of the Illinois Collection Agency Act.

13. Defendant Steve Serafin ("Serafin") is an agent and/or employee of ABC working as a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6) and a "collection agency" as that term is defined at 225 ILCS 425/2 of the Illinois Collection Agency Act.

14. Serafin is registered with the Illinois Department of Financial and Professional Regulation, License Number 129.306526.

## **FACTUAL ALLEGATIONS**

15. According to Defendants, Plaintiff incurred an alleged debt for goods and services for personal family or household purposes, originally for various consumer purchases ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at 1692a(5) of the FDCPA and 225 ILCS 425/2 of the Illinois Collection Agency Act.

16. The Plaintiff did not pay the alleged debt, and it went into default.

17. Mandarich was later retained by Capital One, N.A, to attempt to collect the debt

from the Plaintiff, which included, the prosecution of a collection action in Kane County, Illinois, styled as *Capital One, N.A. vs. Vanessa Kerber*, Kane County, Illinois Case No. 22 AR 752, said action being initiated on or about December 5, 2022.

18. Mandarich hired ABC to support efforts to collect the alleged debt from the Plaintiff.

19. On or around December 26, 2022, ABC, by and through Serafin, executed an affidavit of service ("Affidavit") in which he states under oath that he served Plaintiff with a copy of the Complaint and Summons in the Circuit Court Case via "substitute" or abode service. *See* **Exhibit A**, Serafin Affidavit.

20. The Affidavit states that on December 26, 2022, at 12:36 P.M., Serafin served the Summons and Circuit Court Case Complaint on a "co-resident", at Plaintiff's usual place of abode, specifically allegedly being "an individual who refused to give their name who indicated they were the co-resident. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contract 35-45 years of age, 5'6"- 5'8" tall and weight 160-180 lbs." *See* **Exh. A**.

21. Plaintiff resides at 176 Timber Trials Blvd., Gilberts, Illinois, but was not at the property on December 26, 2022, at 12:36 P.M. Moreover, Plaintiff has resided at the property exclusively with her fifteen (15) year old daughter at all relevant times, was not at the property at the alleged date and time of service; both Plaintiff and her daughter do not fit the description of the Affidavit; nor did Plaintiff have any guests, roommates, co-residents, or relatives staying with her at the property on December 26, 2022. *See* **Exhibit B**, Affidavit of Vanessa Kerber; *see also* **Exhibit C**, Affidavit of Carol Kerber.

22. Serafin, thusly did not, serve Plaintiff or any member of her residence on

December 26, 2022.

23. The Serafin Affidavit was thereafter filed on or about December 27, 2022, and presented to the court so that Plaintiff would be induced into believing that service was proper.

24. On or about March 17, 2023, Mandarich filed a Motion for Default Judgment, alleging that service had been properly effectuated, based on the Serafin Affidavit.

25. On or about March 28, 2023, Mandarich presented its Motion for Default Judgment and on that date, obtained an *ex parte* default judgment order. *See* **Exhibit D**, March 28, 2023, *Ex-Parte* Judgment Order.

26. On or about April 22, 2023, Plaintiff retrieved her mail, noticed a mailing from Defendant Mandarich, which she then and there opened, and for the first time, was made aware of the Capital One, N.A. pending action which had, by this time, been relegated to a signed, sealed and delivered *ex-parte* default judgment in the amount of $46,771.00.

27. The default judgment that was entered against the Plaintiff in the Circuit Court case on March 28, 2023, was entered as the result of the false testimony Defendants provided to the Court regarding service of process upon the Plaintiff.

28. In May of 2023, the Plaintiff was forced to retain and pay for legal counsel to investigate the veracity of the purported *ex-parte* default judgment. Plaintiff's attorney informed her, after researching the case, that Defendants had executed and filed the Affidavit that indicates that a "co-resident" was served on December 26, 2022, and confirmed that as a result, a default had been entered.

29. The Plaintiff was shocked to hear that she had been defaulted and instructed her counsel to prepare, draft, and file a formal appearance to challenge personal jurisdiction along with a Motion to Quash Service of Process and Vacate *Ex-parte* Judgment with corresponding

affidavits.

30. The Motion to Quash and Vacate was filed on June 9, 2023, and after multiple court appearances, with attorneys for both parties present, in open court, her Motion to Quash and Vacate was granted by the Circuit Court on October 19, 2023, with service quashed and the judgment formally vacated. *See* **Exhibit E**, October 19, 2023, Order.

31. The Defendants conspired to deprive Plaintiff of equal protection of the law, namely, to deprive her of her due process right to proper notice of the lawsuit.

32. Defendants did not serve Plaintiff's "co-resident" with a copy of the summons and complaint filed in the Circuit Court.

33. Defendants Serafin and ABC, on behalf of the other Defendant Mandarich, made false statements in an attempt to enforce collection of a consumer debt.

34. Under 15 U.S.C. §1692a(6)(D), any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt is not included as a debt collector, but the language of §1692a(6)(D) extends the exemption to a person only "while serving or attempting to serve legal process." *See e.g., Spiegel v. Judicial Attorney Servs.*, Inc. 2011 U.S. Dist. LEXIS 9350 (N.D. Ill. Feb. 1, 2011); *see also Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2nd Cir. 1998); *Andrews v. S. Coast Legal Servs.*, 582 F. Supp. 2d 82 (D. Mass. 2008); and *Flamm v. Sarner & Assocs.*, P.C. 2002 U.S. Dist. LEXIS 22255 (E.D. Penn. 2002).

35. Defendants ABC and Serafin were not serving or attempting to serve "legal process" but rather were engaged in the act of assisting with he drafting, preparation and filing of a false affidavit of service by providing false testimony to aid in collection of the consumer debt

against Plaintiff, and to have Plaintiff believe that the collection could in fact legally proceed against her, when it could not so proceed.

36. 15 U.C.S §1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . .**

**(2) The false representation of—**

    **(A) the character, amount, or legal status of any debt; . . .**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .**

37. Defendants made false, deceptive, and misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692e, 1692e (2)(A), §1692e(5) and §1692e(10), by means of the false Affidavit filed in the Circuit Court Action.

38. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

39. Defendants used unfair or unconscionable means, in violation of 15 U.S.C. §1692f, when they obtained a judgment against Plaintiff by the use of a false Affidavit in the Circuit Court Action.

40. Defendants Mandarich, ABC, and Serafin were engaged in the course of trade and commerce at the time they provided they provided a false Affidavit to the Court against the Plaintiff, to induce Plaintiff into believing she was properly served at a time that no service had been obtained over the Plaintiff.

41. Defendants ABC and Serafin are engaged in the distribution of services that directly and indirectly affect the people of the State of Illinois, namely services related to serving process.

42. Defendants ABC and Serafin committed a deceptive act or practice when they provided a false Affidavit that misrepresented that a member of Plaintiff's household was served with a copy of the summons and complaint in the Circuit Court Case, to induce Plaintiff to believe she was properly served at a time that no service had been obtained over Plaintiff.

43. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, prohibits:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

44. Defendants ABC and Serafin committed a deceptive act or practice, in violation of 815 ILCS 505/1, when Serafin testified in an Affidavit that he served Plaintiff via substitute

abode service, and Defendants used the Affidavit to obtain judgment against Plaintiff in the Circuit Court Case.

45. Defendants intended that Plaintiff would rely on the deception and intended that she would be led to believe that the Court had obtained jurisdiction over Plaintiff in favor of Capital One, N.A., and that therefore, Capital One, N.A. had a right to obtain judgment against Plaintiff.

46. Defendants' act of providing false testimony offends public policy as established by § 720 ICLS 5/32-2 Perjury statute.

47. Defendants' act of providing false witness is an unethical act by a person who is a process server.

48. 225 ILCS 425/9 of the ICAA prohibits the following:

> **. . . (24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist…**
>
> **(26) Using any form of communication which simulates legal or judicial process, or which gives the appearance of being authorized, issued or approved by a government agency or official or by an attorney at law when it is not…**
>
> **(35) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud or harm the public.**

49. ABC and Serafin conspired to attempt to obtain a default judgment to which they did not have a right, in violation of 225 ILCS 425/9(a) of the ICAA, when they submitted a false affidavit to the Court stating that Plaintiff had been served in the Circuit Court Case.

50. ABC and Serafin sent a communication to Plaintiff which simulated legal or judicial process, in violation of 225 ILCS 425/9(a) of the ICAA, when they mailed a copy of a Complaint and Summons to Plaintiff that they claimed perfected abode service upon her.

51. ABC and Serafin engaged in unprofessional conduct, in violation of 225 ILCS 425/9(a) of the ICAA, when they conspired to create and submitted to a court a false affidavit intended to deceive the Court.

52. At relevant times to the instant action, Defendants both individually and collectively, are and were agents and/or joint ventures of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

53. A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016).

54. Each of the Defendants had actual and/or constructive knowledge of the acts of the other Defendants as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

55. Court pleadings are considered communications under the FDCPA and come under the Act. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016).

56. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd., Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT – ALL DEFENDANTS

57. Plaintiff re-alleged the above paragraphs as if set forth fully in this count.

58. Plaintiff asserts this Count I against all Defendants for their violations of the FDCPA.

59. Defendants made false, deceptive, and misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692e, 1692e (2)(A), §1692e(5) and §1692e(10), by means of the false Affidavit filed in the Circuit Court Action.

60. Defendants threatened an action that could not legally be taken, in violation of 15 U.S.C. §1692e(5), when the mailed Summons and Complaint threated to take a judgment by default if Plaintiff did not file an answer to the Complaint.

61. Defendants falsely represented that the mailed Summons and Complaint were legal process, in violation of §1692e(13), when they stated that the mailing was part of perfecting abode service, when in fact no proper service of process had taken place.

62. Defendants used unfair or unconscionable means, in violation of 15 U.S.C. §1692f, when they obtained a judgment against Plaintiff by the use of a false Affidavit in the Circuit Court Action.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D. Such other or further relief as the Court deems proper.

## COUNT II
### ILLINOIS CONSUMER FRAUD ACT – ABC and SERAFIN

63. Plaintiff re-alleged the above paragraphs as if set forth fully in this count.

64. Plaintiff asserts this Count II against Defendants ABC and Serafin for their violations of the ICFA.

65. ABC and Serafin committed a deceptive act or practice, in violation of 815 ILCS

505/1, when Serafin testified in an Affidavit that he served Plaintiff via substitute abode service, and Defendants used the Affidavit to obtain judgment against Plaintiff in the Circuit Court Case.

66. The Defendants' conduct offends public policy as it demonstrates a practice of unfair and deceptive debt collection from consumers by petitioning for and ultimately obtaining a deficiency judgment in an attempt to force Plaintiff to pay the discharged debt.

67. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful, and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct.

68. Plaintiff has been forced to retain counsel to file suit against Defendant in an attempt to remediate and correct Defendant's failure to follow the law.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Consumer Fraud Act;

B. Such other or further relief as the Court deems proper.

## COUNT III
## ILLINOIS COLLECTION AGENCY ACT – ABC and SERAFIN

69. Plaintiff re-alleged the above paragraphs as if set forth fully in this count.

70. Plaintiff asserts this Count III against Defendants ABC and Serafin for their violations of the ICCA.

71. ABC and Serafin conspired to obtain a default judgment to which they did not have a right, in violation of 225 ILCS 425/9(a) of the ICAA, when they submitted a false affidavit to the Court stating that Plaintiff had been served in the Circuit Court Case.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

      A. Compensatory damages, punitive damages, costs of this action.

      B. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: */s/Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

Robert J. Tomei, Jr.
IL Bar #.: 6310339
JOHNSTON TOMEI LENCZYCKI & GOLDBERG, LLC
350 N Milwaukee Ave, Ste. 202
Libertyville, IL 60048
Ph: (847) 549-0600
Fx: (847) 589-2263
Rob@LawJTLG.com